See **Tax Commission v Rife, 119 Oh St,** 83 at bottom of page 90 and top of page 91.

Keeping in mind the intention of Congress as manifested by the use of the word "proceeds" in Section 308 of the World War Compensation Act, the court is of the opinion that the money deposited by defendant in the Winters National Bank did not cease to be proceeds merely by virtue of such deposits. It was the intention of Congress that the veteran have the absolute and exclusive right to use the money loaned him as he sees fit, and for this court to hold that he forfeited such right through a mere bank deposit would render ineffective and abrogate the substantial spirit and purpose of the Act.

Defendant's deposits of his loan money were not mixed or confused with other money or property and were definitely traced and identified as being the proceeds of a loan on his adjusted service certificate.

The court therefore is of the opinion that defendant by merely depositing his loan money in checking and savings accounts in a bank bound to pay the same on demand, did not thereby lose his right to claim it exempt from attachment, levy or seizure, as provided by Section 308 of the Compensation Act.

Defendant's motion to dissolve the attachment will be sustained.

## CINCINNATI MACHINERY & SUPPLY CO v ERIE R. R. CO.

Ohio Appeals, 1st Dist, Hamilton Co
No. 3829. Decided March 23, 1931

W. B. Mente and Benham & Benham, Cincinnati, for Cincinanti Machinery & Supply Co.

Dinsmore, Shohl & Sawyer, Cincinnati, for Erie R. R. Co.

ROSS, PJ.

It is claimed that the shipper is not required to produce evidence that the shipment was in good condition at the time it was delivered to the original carrier. We hold otherwise, and that the burden is upon the shipper to show the shipment was in good condition at the time it was delivered to and accepted by the original carrier.

There was no error, prejudicial to the plaintiff in error in the giving of this charge.

The defendant in error at the close of the evidence of the plaintiff in the Municipal Court, there being no evidence of the condition of the goods at the time of delivery, moved for an instructed verdict, and again renewed this motion at the close of all the evidence. Both motions were overruled, and both should have been granted.

The verdict in favor of the carrier was entirely justified by the lack of any evidence indicating that the goods were, when shipped, in a condition different from that when received.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court of Cincinnati, is affirmed.

HAMILTON and CUSHING, JJ, concur.